1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; CARPENTERS OF WESTERN WASHINGTON INDIVIDUAL ACCOUNT PENSION TRUST; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO, | Case No. 2:19-cv-01152 <br><br> COMPLAINT FOR MONETARY DAMAGES |
| Plaintiffs, <br> v. | |
| JULIUS-STEWART CONSTRUCTION SERVICES, LLC, a Washington limited liability company; and AMY GUNDLACH, an individual, | |
| Defendants. | |

9

10

11

12

13

14

15

16

17

18

19

## I.  PARTIES

20

     1.1     Plaintiff Carpenters Health and Security Trust of Western Washington (the

21

"Health and Security Trust") is a Taft-Hartley trust fund through which the Trustees can

22

create and administer one or more Employee Welfare Benefit Plans, including the provision

23

of hospital, medical, dental, vision, disability or death benefits and any other similar

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 1
2:19-cv-01152
1700 048 ug241902

benefits, or any combination thereof, for the Participating Employees on whose behalf the contributions have been paid, and their Beneficiaries.  The Health and Security Trust maintains its principal office in Seattle, King County, Washington.

1.2     Plaintiff Carpenters Retirement Trust of Western Washington (the "Retirement Trust") is a Taft-Hartley trust fund through which the Trustees can create and administer one or more Employee Pension Benefit Plans, including the provision of retirement and associated death benefits, for the Participating Employees on whose behalf the contributions have been paid, and their Beneficiaries.  The Retirement Trust maintains its principal office in Seattle, King County, Washington.

1.3     Plaintiff Carpenters-Employers Vacation Trust of Western Washington (the "Vacation Trust") is a Taft-Hartley trust fund through which the Trustees can create and administer one or more Employee Welfare Benefit Plans, including the provision of vacation benefits, for the Participating Employees on whose behalf the contributions have been paid, and their Beneficiaries.  The Vacation Trust maintains its principal office in Seattle, King County, Washington.

1.4     Plaintiff Carpenters of Western Washington Individual Account Pension Trust (the "Individual Account Pension Trust") is a Taft-Hartley trust fund through which the Trustees can create and administer one or more Employee Pension Benefit Plans, including retirement plans funded by employee contributions, for the Participating Employees on whose behalf the Contributions have been paid, and their Beneficiaries.  The Individual Account Pension Trust maintains its principal office in Seattle, King County, Washington.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 2
2:19-cv-01152
1700 048 ug241902

1.5    Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho ("Apprenticeship and Training Trust") is a Taft-Hartley trust fund established to defray, in whole or in part, costs of apprenticeship or other training programs for the education of apprentices and journeymen carpenters.  The Carpenters Apprenticeship Trust maintains its principal office in Seattle, King County, Washington.

1.6    The Plaintiffs are commonly known as and referred to collectively as the Carpenters Trusts of Western Washington (or the "Carpenters Trusts").

1.7    Defendant Julius-Stewart Construction Services, LLC ("Julius-Stewart") is a Washington limited liability company with its principal place of business in Burien, King County, Washington.

1.8    Defendant Amy Gundlach is the owner of Julius-Stewart, who upon information and belief, resides in Burien, King County, Washington.

## II.  JURISDICTION AND VENUE

2.1    This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1). This Court has supplement jurisdiction on the Carpenters Trusts' conversion claim pursuant to 28 U.S.C. §1367.

2.2    Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

## III.  FACTS

3.1    On or about April 12, 2018, Amy Gundlach, identifying herself as "President," executed a Compliance Agreement on behalf of Julius-Stewart Construction Services, LLC with the Pacific Northwest Regional Council of Carpenters (the "Union").

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 3
2:19-cv-01152

1700 048 ug241902

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

The Compliance Agreement incorporates by reference the terms and conditions of *2015 – 2018 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters affiliate of United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2015 (the "Master Labor Agreement"):

> 1. DESIGNATED LABOR AGREEMENT:  The Employer adopts and agrees to abide by the following Labor Agreement(s):
>
> ☒ Western & Central WA Master Labor Agreement Rep by: AGC of Western WA Effective: 6/1/15 to 5/31/18

3.2     The Compliance Agreement has an evergreen clause, which continues the agreement year to year unless it is terminated by one of the parties.

3.3     The successor and current Master Labor Agreement in effect is the *2018 – 2021 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2018.

3.4     By signing the Compliance Agreement, Julius-Stewart agreed to make fringe benefit contributions to the Carpenters Trusts and be bound by the written terms and conditions of their respective trust agreements:

> 3. TRUST FUND OBLIGATIONS:  The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor Agreement.  The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, and any present or future amendments, and to any successor Trust Agreements…

3.5     Prompt payment of wages and fringe benefit contributions is an essential term of the Compliance Agreement.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 4
2:19-cv-01152

1700 048 ug241902

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.6     The Carpenters Trusts are beneficiaries under the terms of the Compliance Agreement and the Master Labor Agreement.

3.7     By executing the Compliance Agreement, as discussed above, Julius-Stewart agreed to the written terms of the (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-Employers Vacation Trust of Western Washington; (iv) Carpenters of Western Washington Individual Account Pension Trust; and (v) Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho.

3.8     Julius-Stewart's obligations under the Health and Security Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington*, dated January 1, 1998, and as amended.  Effective January 1, 2019, Julius-Stewart's obligations are set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Carpenters Health and Security Trust of Western Washington*.  Under the Health and Security Trust, Julius-Stewart agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time;  and

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

▪ Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9 Julius-Stewart's obligations under the Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Retirement Trust of Western Washington*, dated January 1, 1998, and as amended. Effective January 1, 2019, Julius-Stewart's obligations are set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Carpenters Retirement Trust of Western Washington*. Under the Retirement Trust, Julius-Stewart agreed to, among other things:

▪ Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

▪ Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

▪ Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

▪ Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time;  and

▪ Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10 Julius-Stewart's obligations under the Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Vacation Trust of Western Washington*, dated January 1, 1998, and as amended. Effective January 1, 2019, Julius-Stewart's obligations are set forth in Article IX, Sections 9.01 – 9.06 of the *Trust Agreement Governing the Carpenter-Employers*

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

*Vacation Trust of Western Washington*.  Under the Vacation Trust, Julius-Stewart agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.11    Julius-Stewart's obligations under the Individual Account Pension Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 fo the *Revised Trust Agreement of Carpenters of Western Washington Individual Account Pension Trust*, dated January 1, 1998, and as amended.  Effective January 1, 2019, Julius-Stewart's obligations are set forth in Article IX, Sections 9.01 – 9.06 of the *Trust Agreement Governing the Carpenter of Western Washington Individual Account Pension Trust of Western Washington*.  Under the Individual Account Pension Trust, Julius-Stewart agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.12  Julius-Stewart's obligations under the Apprenticeship and Training Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington*, dated January 1, 1998, and as amended.  Under the Apprenticeship and Training Trust, Julius-Stewart agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.13  Upon information and belief, following execution of the Compliance Agreement, Julius-Stewart used employees to perform work subject to the Master Labor Agreement.  Julius-Stewart also began its monthly reporting and payment of fringe benefit contributions to the Carpenters Trusts.

3.14  In 2018, the Carpenters Trusts selected Julius-Stewart for an audit of its payroll and related business records, in order to determine whether the company had

COMPLAINT FOR MONETARY DAMAGES AND FOR EQUITABLE RELIEF – 8
2:19-cv-01152
1700 048 ug241902

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1   complied with its obligations to report and pay fringe benefit contributions for the period

2   April 1, 2018 through August 31, 2018.

3        3.15    On November 19, 2018, the Carpenters Trusts' auditor released its report,

4   concluding   that   Julius-Stewart   owed   $5,595.63,   consisting   of   $4,863.84   in

5   underreported/unpaid fringe benefit contributions, $583.66 in liquidated damages, and

6   $148.13 in accrued interest through the date of the audit report due to non-payment.

7        3.16    On March 25, 2019, the Carpenters Trusts made written demand upon Julius-

8   Stewart for payment of delinquent fringe benefit contributions, liquidated damages, and

9   other ancillary charges as set forth in the audit report.  Julius-Stewart did not respond to the

10  demand.

11       3.17    On May 1, 2019, the Carpenters Trusts again made written demand upon

12  Julius-Stewart for payment of the company's audit delinquency.  Julius-Stewart did not

13  respond to the second demand.

14       3.18    Shortly thereafter, Julius-Stewart submitted unfunded remittance reports to

15  the Carpenters Trusts for the months of December 2018 through March 2019.

16       3.19    On May 16, 2019, the Carpenters Trusts made a third, written demand for

17  upon Julius-Stewart for payment of the company's audit delinquency.  The Carpenters

18  Trusts also made written demand for the amounts reported by Julius-Stewart for December

19  2018 through March 2019, plus liquidated damages and other ancillary charges arising from

20  the unfunded reports.  Julius-Stewart did not respond to the third demand.

21       3.20    In late June 2019, Julius-Stewart reached out to the Carpenters Trusts'

22  administration office requesting a payment plan in order to resolve the company's

23  delinquency.   On June 27, 2019, the Carpenters Trusts provided Julius-Stewart with a

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 9
2:19-cv-01152

1700 048 ug241902

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

proposed installment payment plan and requested that a signed payment plan be in place no later than July 15, 2019.  Julius-Stewart did not respond.

3.21    Julius-Stewart has not provided the Carpenters Trusts with its remittance reports for April, May, and June 2019.

3.22    As of today, Julius-Stewart owes the Carpenters Trusts $35,800.58 for the audit period of April 1, 2018 through August 31, 2018, as well as for the unfunded remittance reports the company submitted for the months of December 2018 through March 2019.  Specifically, Julius-Stewart owes $31,019.47 in delinquent and unpaid fringe benefit contributions, $3,477.03 in liquidated damages, $1,304.08 in accrued, pre-judgment interest, plus additional amounts for attorney fees and costs for the entire delinquency period. Because Julius-Stewart has not submitted remittance reports for the months of April through June 2019, the amount of contributions owed for those months are unknown.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.22 above.

4.2    Julius-Stewart's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Compliance Agreement and the Master Labor Agreement between the Union and Julius-Stewart, to which the Carpenters Trusts are beneficiaries.  Julius-Stewart's failure to fully pay fringe benefit contributions it reported also constitutes breaches of the Trust Agreements, the terms of which Julius-Stewart agreed to when it signed the Compliance Agreement.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 10
2:19-cv-01152

1700 048 ug241902

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.3     As a result of Julius-Stewart's breach, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $31,019.47 in delinquent fringe benefit contributions, plus other ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

**Second Cause of Action**
**(Violation of ERISA)**

4.4     The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.22 above.

4.5     Julius-Stewart's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6     As a result of Julius-Stewart's violation, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $31,019.47 in delinquent fringe benefit contributions, plus other ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

**Third Cause of Action**
**(Breach of Fiduciary Duty)**

4.7     The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.22 above.

4.8     Defendant Amy Gundlach is responsible for Julius-Stewart's reporting and payment of fringe benefit contributions to the Carpenters Trusts.

4.9     Defendant Amy Gundlach, for purposes of ERISA, is a fiduciary of trust fund assets, because she exerted control over employee deductions withheld for payment to the Carpenters Trusts.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 11
2:19-cv-01152

1700 048 ug241902

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.10    Defendant Amy Gundlach has failed to turn over trust fund assets, consisting of $929.00 in employees' vacation pay and $1,554.00 in employee's 401(k) contributions to the Carpenters Trusts, despite demand.

4.11    Defendant Amy Gundlach's failure to remit trust fund assets is a breach of fiduciary duty under ERISA, and has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $2,483.00.

## Fourth Cause of Action
### (Conversion)

4.12    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.22 above.

4.13    Defendant Amy Gundlach withheld dues from Julius-Stewart's employee paychecks pursuant to the terms of the Master Labor Agreement.  However, Amy Gundlach did not remit them to the Carpenters Trusts' administration office with the company's monthly reports.

4.14    Defendant Amy Gundlach's actions were performed for and benefitted Julius-Stewart, and give rise to a cause of action for conversion

4.15    Defendant Amy Gundlach's failure to remit employee dues deductions to the Carpenters Trusts' administration office has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $2,144.46.

## V.  REQUESTED RELIEF

The Plaintiff Carpenters Trusts respectfully request the Court grant the following relief:

A.    Judgment in favor of the Carpenters Trusts against Julius-Stewart, in an amount to be determined at trial, but not less than $31,019.47, representing

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 12
2:19-cv-01152

1700 048 ug241902

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1   past-due and delinquent fringe benefit contributions owed by defendant pursuant to the terms of the labor and trust agreements to which Julius-Stewart is a party;

2   

3   B.   Judgment in favor of the Carpenters Trusts against Julius-Stewart, in an amount to be determined at trial, but not less than $3,477.03, representing liquidated damages owed by defendant pursuant to the terms of the labor and trust agreements to which Julius-Stewart is a party;

4   

5   C.   Judgment in favor of the Carpenters Trusts against Julius-Stewart, in an amount to be determined at trial, but not less than $1,304.08, representing accrued prejudgment interest owed by defendant pursuant to the terms of the labor and trust agreements to which Julius-Stewart is a party;

6   

7   

8   D.   Judgment against Amy Gundlach individually, for joint and several liability with Julius-Stewart for $4,627.46, representing $929.00 in employees' vacation pay, $1,554.00 in employees' 401(k) contributions, and $2,144.46 in employees' union dues withheld from employee paychecks but not remitted to the Carpenters Trusts.

9   

10  

11  E.   Entry of an order compelling Julius-Stewart to provide the Carpenters Trusts with its delinquent April, May, and June 2019 remittance reports and compelling Julius-Stewart to timely provide the company's remittance reports going forward;

12  

13  F.   Judgment in favor of the Carpenters Trusts against Julius-Stewart, in an amount to be determined at trial, for the amount of fringe benefit contributions reported on the company's April, May, and June 2019 remittance reports, plus liquidated damages and other ancillary charges incurred as a result of Julius-Stewart's delinquency for those months;

14  

15  

16  G.   An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Julius-Stewart is a party, and as authorized under ERISA;

17  

18  H.   An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

19  

20  I.   Any other such relief under federal law or as is just and equitable.

\\

21  \\

22  \\

23  

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1

Dated: July 24, 2019.

2
s/  Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503

3
McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.

4
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101

5
(206) 224-9900
jeffreym@mrbclaw.com

6

7
Counsel for the Carpenters Trusts of Western
Washington

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 14
2:19-cv-01152

1700 048 ug241902